## LAWYER v LAWYER

Ohio Appeals, 2nd Dist, Franklin Co

No 2239. Decided Jan 19, 1933

John F. Carlisle, Columbus, and Scott & Scott, Cambridge, for plaintiff in error.

Stephen A. Sharp, Columbus, for defendant in error.

ALLREAD, J.

A petition in error has been filed in this court, the original papers and the transcript of journal entries as well as the bill of exceptions have been filed in this court. The petition in error challenges the sufficiency of the evidence to justify the action of the court below. We have read and considered the evidence.

This is a peculiar case and in many respects a strange and unusual case. The mother suffered from some unusual and as styled in the case a mental trouble. She went to a private institution when she was fourteen years of age, was treated for her trouble and apparently recovered. She was normal at the time of the marriage and continued so for several years thereafter. Shortly before the suit was brought the wife showed symptoms of her former trouble and upon the recommendation of the husband they consulted Dr. Caver and she was confined in the institution conducted by him on Winner Avenue. She was afterwards released from the institution and went to live temporarily with some friend who lived near West Jefferson. The child was taken to the home of her parents at Cambridge, and remained there until this suit was brought. The defendant claims that her confinement in the Caver Sanitarium was not in good faith, but that the husband, while professing love and affection for her at the Sanitarium, was continually working against her interests and especially to get control of the small child.

We have reached this general conclusion upon a careful reading of the record that the trial court was in error in granting the prayer of the plaintiff's petition and allowing him a divorce. We think the wife was guilty of none of the grounds of divorce even upon a favorable view of the judgment of the court below. The divorce, however, while both parties prayed for a divorce, is not the principal thing upon which the case is tested in this court. It is claimed by the defendant in the court below, plaintiff in error here, that the plaintiff, the husband, has been endeavoring to get control of the custody of the child. He claims that the welfare of the child is the banner upon which they are waging their contest for its custody. The plaintiff in the court below

claims that he is able to support the child and is not able to support the mother or to pay her for the care and support of the child. The trial court accepted this view and awarded the custody of the child to the father.

Without going into detail as to the evidence and especially the circumstantial evidence we can not escape the conclusion that the judge of the court below must have misconceived the evidence and that his judgment is contrary to the circumstantial evidence and against the weight of the entire evidence.

It is an ancient rule of practice in the divorce courts that the mother of young children and especially of a daughter is better able to take care of such children. She has the sympathy and mother love necessary to the rearing of the children. This is supplemented by the failure to prove anything against her moral character. This has been the usual rule so far as the knowledge of this court goes, and the value of the rule is demonstrated by experience. The claim is made that the mother is not mental normally, and that this fact would require the court to give the final custody of the child to the father.

We think the evidence is insufficient to prove this fact or to prove the claim that the mother is disqualified to have the custody of her child.

We, therefore, hold that the judgment actually rendered both as to the divorce and as to the custody of the child is contrary to and against the weight of the evidence and must be reversed. Judgment reversed.

HORNBECK and KUNKLE, JJ, concur.