**SCHUMETH, Plaintiff-Appellee, v. SCHUMETH, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2045.   Decided May 2, 1949.

Walter L. Connors, William Swaney, Dayton, for plaintiff-appellee.

Wilbur D. Spidel, Hugh A. Staley, Greenville, for defendant-appellant.

## OPINION

By HORNBECK, J.:

This is an appeal on questions of law from a judgment of the Common Pleas Court, awarding the custody' of a child of the parties, Robert John Schumeth, aged six years at the time of trial, to the plaintiff and. until further order of the court, and subject to the continuing jurisdiction of the court,. as the child's best interests may indicate and granting to the defendant the right to have the child with him over the last weekend of each month and for thirty days*' period of visitation during each summer vacation period.

There are four assignments of error, but appellant's brief argues but one, namely, that the judgment is not supported by and is contrary to the manifest weight of the evidence. As a matter of fact, that is the ·only assignment which would have any standing upon the record which is before us.

The question whether or not the judgment is against the manifest weight of the evidence must be determined upon the strength of the plaintiff's case. It is not necessary to cite to eminent counsel in this case any authority for the proposition that a reviewing court may not reverse a judgment on the weight of the evidence unless it is manifestly against its weight and so contrary to the evidence as to shock the sensibilities of the court. Applying this test, we may not reverse this judgment.

This record, as most such cases, presents a very serious question for adjudication. The custody of children, where it is. necessary to award them either to a father or a mother, always presents a difficult situation. It is especially so here because of the fact that the mother on two occasions has been committed to an institution for the treatment of mental cases. The experienced trial judge was fully cognizant of the problem with which he was confronted and no doubt gave careful and mature consideration to its solution.

The plaintiff for much of her life has been an underprivileged person. In 1939, following an emotional upset caused by the drowning of her brother, she was committed to Dayton State Hospital for manic depressive psychosis. It is significant that in the same year she was released as cured. Eight years later she was again committed upon the same charge. Manifestly, the question confronting the trial judge was her mental condition at the time of the trial and what it would, in prob-

ability, continue to be in the light of the possibility that she would be awarded the custody of her child.

The record discloses that the second commitment of the plaintiff followed shortly after she had arrested her husband for assault and battery and it further appears that she gave every indication of having been badly beaten. The doctors who supported her commitment at the inquest, instituted upon the affidavit of her husband, did not appear to testify at the trial as to her mental condition. Dr. E. L. Hooper, who was in charge of the institution to which she was committed, and an alienist of wide experience, stated, without qualification, that the plaintiff suffered from no mental disease when she was committed to the institution the second time, was not so afflicted nor treated for such a condition at any time while there, but worked in a normal manner in a kitchen in the institution. The doctor expressed the opinion that the mother was well qualified to properly care for and rear the child.

Upon this development, and other facts in the record, the trial judge was well within his province in concluding that the mother was mentally sound and, inasmuch as she could give the child supervision and attention, it was to his best interests and proper to award his custody to the mother. Although each parent has an equal right at law to the custody of their children, courts generally, unless there is some compelling reason to hold otherwise, are disposed to place the custody of young children with their mother for the manifest reason that normally the mother is better suited and qualified than the father to accord to a young child the attention which it requires.

There was conflict in the testimony on every material issue concerning the award of custody. The court resolved it in favor of the plaintiff which he had full right to do.

We find no error assigned well made. The judgment will be affirmed.

MILLER, PJ, and WISEMAN, J, concur.

## ON APPLICATION FOR REHEARING

No. 2045.   Decided May 19, 1949.

By THE COURT:

An application for rehearing in the above entitled case has been forwarded to the members of the court.

Our rules, as now effective, **81 Oh Ap xli**, make no provision for an application for rehearing.

Five grounds are set up in the application the first of which is to the effect that our opinion contains conclusions not supported by facts in the record. The first three paragraphs apparently are intended to support this ground of the application. The first two of these paragraphs do not refute but establish as true what was said on the subjects in the opinion. The third paragraph wherein we are quoted as saying that Dr. Hooper said "that the patient suffered from no mental disease when she was committed to the institution a second time", may not be exactly in accord with the Doctor's testimony but it is certain that during plaintiff's incarceration she was given no treatment consistent with mental disease, permitted to conduct herself as one entirely sane and finally discharged with the conclusion that she was sane.

The second ground of the application is: "Because the principal evidentiary fact in question, that the mother was suffering from a recurring mental disease is undisputed in the record". If, by this, it is meant that at the time of the trial there was no dispute that the mother was suffering from a recurring mental disease, counsel are clearly mistaken. The greater part of all the testimony was directed to this disputed fact. The trial court, no doubt, did and had full right to conclude that at the time of the trial the plaintiff suffered from no mental disorder and that it was not probable that there would be any recurrence of the disturbance from which she once suffered.

The third and fourth grounds require no special consideration. The fifth is,

"The undisputed facts taken from the entire record of the case can not help but disclose that the best interests of the child would be served by the placing of this child with the father, which is the ultimate issue."

This is the ultimate issue which the trial judge resolved against the defendant. According to the judge's prerogative as trier of the facts, he was well within his province in his determination that his judgment protected the best interest of the child.

The observations of the court herein contained are not to be treated as a consideration of the application for rehearing as such but are advanced in courtesy to counsel who are assiduous in their efforts in behalf of their client, and, no doubt, are convinced that his cause is just.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.