**RIGGS, Plaintiff-Appellant, v. RIGGS, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 5072.   Decided October 1, 1954.

Davies & Davies, John L. Davies, Jr., of Counsel, Columbus, for plaintiff-appellant.
Henry A. Reinhard, Columbus, for defendant-appellee.

## OPINION
By THE COURT.

This is a law appeal from the judgment of the Common Pleas Court of Franklin County, Division of Domestic Relations, awarding custody of two children to the defendant.

Plaintiff, the wife, sued for divorce; the defendant, in his cross-petition, prayed for a decree of divorce and custody of the two sons, one thirteen and the other nine years of age. Upon trial the court dismissed the petition of the plaintiff for lack of evidence and granted the divorce to the defendant on his cross-petition and awarded custody of the children to the defendant.

The sole assignment of error is that the judgment awarding custody of the children to defendant is not sustained by sufficient evidence, is contrary to the manifest weight of the evidence, and is contrary to law.

Plaintiff-appellant does not contend that defendant is an improper person to have the custody of the children, but rather that under the testimony the plaintiff is a suitable per-

264

son and, being the mother, she should be given preference over the father. Under the provisions of §8005-4 GC, now §3109.04 R. C., one parent is not preferred over the other: the court is authorized to award custody to either parent, "taking into account that which would be for the best interest." While courts, in awarding custody of children of tender years, most times prefer the mother over the father, where the circumstances warrant, it is always in furtherance of what the court conceives to be for the children's best interest. **Lawyer v. Lawyer, 14 Abs 33; Schumeth v. Schumeth, 55 Abs 376.** However, these two cases are distinguishable from the case at bar on the facts.

After a consideration of the whole record, this court cannot say that the Court erred in concluding that the best interest of these two boys would be served by awarding custody to the father. We find the judgment to be supported by sufficient evidence, not contrary to the manifest weight of the evidence, nor contrary to law.

Finding no error in the record prejudicial to the rights of the plaintiff, the judgment is affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.