**HERZOG, Plaintiff-Appellee, v. HERZOG, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2316.  Decided April 13, 1955.

Shively, Shively & Shell, By John H. Shively, Jr., of Counsel, Dayton, for plaintiff-appellee.

Landis, Ferguson, Bieser & Greer, By Charles S. Bridge, of Counsel, Dayton, for defendant-appellant.

## OPINION

By THE COURT:

This is an appeal on questions of law from the judgment of the Common Pleas Court of Montgomery County, Division of Domestic Relations, which granted a decree of divorce to plaintiff and awarded to the plaintiff the custody of three minor children.

The defendant-appellant assigns as error: The granting of the divorce decree to plaintiff and awarding custody of the three minor children to the plaintiff. Appellant, through her counsel, upon oral presentation of this case, stated that the appellant is not pressing the appeal as it relates to the divorce decree. We consider only the question of custody.

Sec. 3109.03 R. C., places the husband and wife on the basis of equality with respect to the custody of the children. The appellant contends that in the application of the provisions of this section, the courts usually award the custody of minor children of tender years to the mother. This is the usual practice in the trial courts unless the mother is found to be unfit. Cases are cited which need not be reviewed here. In determining which of the parents should be given custody, the court is required to give application to §3109.04 R. C., which in part provides that the court shall take "into account that which would be for their best interest." In all such cases, the paramount consideration is the welfare of the child.

In the instant case there is no claim that the plaintiff is unfit; the evidence shows that he is a suitable person to have the custody of the children. The children have impoved under his care since the separation. On the other hand, it is claimed that the defendant has not shown herself to be a suitable person to have the custody of her three children, who are eleven, ten and six years of age, respectively.

It will serve no useful purpose to review the evidence relative to the cause for the separation and divorce. The evidence was sufficient to support the decree. Furthermore, with respect to the custody order, the evidence amply supports the claim that the defendant had a violent temper; was emotionally unstable and disturbed; would leave the husband and children for days at a time without notice; expressed herself as being interested more in a career than as a home maker; and manifested more interest in matters outside the home than in her duties and responsibilities as a wife and mother.

The award of custody is supported by the evidence. We cannot substitute our judgment for that of the trial court. The judgment is supported by: **Ludy v. Ludy, 84 Oh Ap 195, 82 N. E. (2d) 775; Baker v. Baker, 85 Oh Ap 470, 89 N. E. (2d) 123; Riggs v. Riggs, 69 Abs 263; Harper v. Harper, 98 Oh Ap 359** (No. 541, Court of Appeals, Greene County, October 19, 1954).

24

The trial court had a right to take into consideration the fact that the appellant, if given custody, would take the children outside the state of Ohio. **Godbey v. Godbey, 70 Oh Ap 450, 44 N. E. (2d) 810.**

After a review of the record we cannot say that the trial court erred in concluding that the best interest of the children would be served by awarding custody to the father.

Finding no error in the record prejudicial to the rights of the appellant, the judgment is affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.