McVay, Appellant, v. McVay, Appellee.

[Cite as McVay v. McVay (1974), 44 Ohio App. 2d 370.]

(No. 1019—Decided December 10, 1974.)

*Messrs. McLaughlin, Diblasio & Harshman*, for appellant.

*Mr. Ben H. Berman*, for appellee.

Lynch, P. J. Plaintiff, the appellant herein, is appealing the order of the trial court dated April 19, 1974, in

which custody of the minor child of plaintiff and defendant was changed from the plaintiff to the defendant with the plaintiff having the right of reasonable visitation.

On March 15, 1973, plaintiff and defendant signed a separation agreement in which they agreed, among other things, that the care, custody and control of their minor child, Steven McVay, should be with plaintiff, with defendant having reasonable rights of visitation with such minor child.

On March 16, 1973, plaintiff filed a complaint for divorce. Defendant filed an answer and counterclaim. On October 9, 1973, after trial, the trial court dismissed defendant's counterclaim and granted a divorce to plaintiff and awarded temporary care, custody and control of the minor child, Steven McVay, to plaintiff with rights of visitation in defendant.

On March 15, 1974, defendant filed a motion for a change of custody of the minor child, Steven McVay, from plaintiff to defendant. This motion was heard on April 12, 1974, and no record was made of this hearing. As a result of the April 12, 1974, hearing the trial court changed the custody of the minor child, Steven McVay, from plaintiff to defendant. The journal entry on this order was filed April 19, 1974.

Plaintiff's first assignment of error is that the trial court erred, as a matter of law, in ordering that the custody of the minor child be changed from the plaintiff to the defendant in that there was no finding of a change of conditions.

Civil Rule 75 (P) provides, in part, as follows:

"Upon hearing, the court shall decide which of the parents shall have the care, custody and control of the children, taking into account only that which would be for the best interests of each child. * * *"

R. C. 3109.04 is similar to Civil Rule 75 (P).

Although the trial court designated his order dated October 9, 1973, awarding the care, custody and control of the minor child, Steven McVay, to plaintiff, as "temporary," we hold that pursuant to Civil Rule 75 (P) and

R. C. 3109.04, it was mandatory for the trial court to award the custody of such minor child to one of the parents unless neither parent was a suitable person, and that under the circumstances of this case such custody was awarded by the trial court to plaintiff.

A Court of Common Pleas does not have absolute discretion to change a previous award of custody of a minor child. Such a change must be based on a finding of a "change of conditions." *Palladino* v. *Palladino* (1971), 27 Ohio St. 2d 175, 176; *Dailey* v. *Dailey* (1945), 146 Ohio St. 93; *Trickey* v. *Trickey* (1952), 158 Ohio St. 9.

There was no finding by the trial court of any "change of conditions" either in its docket entry for the April 12, 1974, hearing or its journal entry dated April 19, 1974. Where an authenticated bill of exceptions in a trial court is necessary to exemplify the facts which determine the issues presented there, its absence requires a reviewing court on appeal to dismiss the appeal or affirm the judgment of the court from which the appeal is taken. *Ford* v. *Ideal Aluminum, Inc.* (1966), 7 Ohio St. 2d 9; 4 Ohio Jurisprudence 2d 566, Appellate Review, Section 1202.

In the absence of such a bill of exceptions, an appellate court must indulge the presumption of the regularity of the proceedings and the validity of the judgment in the trial court. *Ostrander* v. *Parker-Falls Insulation Co.* (1972), 29 Ohio St. 2d 72, 74. However, no bill of exceptions is necessary before a consideration, on review, of errors appearing on the face of the record may take place. *Garland* v. *Gilbert* (1949), 85 Ohio App. 55; 4 Ohio Jurisprudence 2d 570, Appellate Review, Section 1202.

We are inclined to believe that the trial judge found that there was a change of circumstances in this case; however, the record is silent as to such a finding. A transcript of the April 12, 1974, hearing probably would contain such a finding, but no record was made for the hearing. As a general rule, the burden is on the appellant to produce the record of the case to support any claimed error; however, there is no record of this hearing to produce, and the attorney for plaintiff on this appeal did not represent him in the trial court.

Moreover, the question raised in this appeal is not the evidence introduced at the April 12, 1974, hearing, but the failure of the record to show any finding by the trial court of a "change of conditions" to support his change of custody order. Such a state of the record makes it impossible for this court to decide this case on its merits in this appeal with regard to this assignment of error. It also makes it difficult for a trial judge to decide any future motion for a change of custody because there is no record of the "conditions" of the present order that would have to be changed to support a future order.

We believe that the practice of having a hearing on a change of custody motion without making a record should be discouraged. Such a hearing goes beyond a controversy between the parties in the case. It concerns the future of a minor child, and under the present state of the law, the trial court must make its decision in the best interests of each child. In our opinion, it is not in the best interests of the minor child at issue to hold such a hearing without a record being taken.

We hold that the finding by a trial court of a "change of conditions" to support a change in the custody of a minor child must affirmatively appear in the record of the case. It cannot be inferred from a silent record. Since there is nothing in the record of this case affirmatively indicating a finding by the trial court of a "change of conditions" to support its change of custody order, we hold that error was committed by the trial court in this case. However, in the absence of a record for the April 12, 1974, hearing, this court cannot make any decision on the merits of this case.

Plaintiff's second assignment of error is that the trial court erred, as a matter of law, in ordering the custody of the minor child to be changed from the plaintiff to defendant in that the trial court showed a preference to women over men, contrary to R. C. 3109.04 and contrary to the Constitution of the United States of America and the Constitution of Ohio.

In support of this assignment of error, plaintiff excerpted the following statement of the trial judge from

the transcript of the September 20, 1973, hearing, which was the last day of the divorce hearing:

"What to do about this child? * * * I guess I'm of the old school, if you want to call it that, and I'm inclined, like most judges, I think, if a child is small, it should be with its mother * * *."

It is to be noted that despite the above statement, the trial judge continued custody with plaintiff. R. C. 3109.03 provides that when both parents are alive and have offspring, but are separated or divorced "they shall stand upon an equality as to the care, custody, and control of such offspring, so far as parenthood is involved."

Both Civil Rule 75 (P) and R. C. 3109.04 provide that the only consideration that a trial court should take in making his decision as to the custody of a minor child is the best interests of such child.

We agree with the plaintiff's contention that the custody of minor children should be awarded on the basis of the best interests of such children, rather than because of a preference for women; however, in the absence of a record of the April 12, 1974, hearing, there is nothing to indicate the basis on which the trial court changed the custody of the minor child at issue in this case. Therefore, we overrule plaintiff's second assignment of error. *Ford* v. *Ideal Aluminum, Inc.* (1966), 7 Ohio St. 2d 9.

The judgment is reversed and this cause is remanded for further proceedings in accordance with this opinion.

*Judgment reversed.*

Donofrio and O'Neill, JJ., concur.