CHARLES, APPELLEE, *v.*
CHARLES, APPELLANT.

(No. 84AP-1102—Decided June 6, 1985.)

*Julia R. Charles, pro se.*

*Isaac, Brant, Ledman & Becker* and *Randy S. Kurek,* for appellant.

NORRIS, J. Defendant-appellant appeals from that portion of the trial court's judgment entry of divorce which granted to his former wife, the plaintiff-appellee, custody of their two-year-old daughter.

Plaintiff has not filed a brief. Accordingly, in determining the appeal, this court may accept defendant's statement of the facts and issues as correct, and reverse the portion of the judgment complained of by defendant, if his brief reasonably appears to sustain such action. App. R. 18(C).

The essence of defendant's appeal is found in his third assignment of error:

"The trial court erred as a matter of law in favoring the plaintiff-appellee as custodial parent on the basis that a minor child of tender years was involved."

By this assignment of error, defendant contends that the trial court placed upon him the burden of overcoming a presumption adhered to by the trial judge that a mother is entitled to custody of a child of tender years, in the absence of proof by the father that the mother is unfit to be the child's custodian. Thus, according to defendant, the trial court awarded custody to plaintiff, in spite of the evidence having established that it was in the best interest of the child that he be her custodian, and the trial judge having essentially conceded that point.

The General Assembly, in adopting the "Divorce Reform Act" (H.B. 233, effective September 23, 1974), mandated the best interest of the child test as the sole test for selecting a custodian. R.C. 3105.21; 3109.04; see *In re Perales* (1977), 52 Ohio St. 2d 89, at 96-98 [6 O.O.3d 293]. Accordingly, the General Assembly manifested its intent to discard any remaining vestige of the common-law "tender years" doctrine that had been adhered to by some Ohio courts. Norris, Divorce Reform, Ohio Style (1974), 47 Ohio Bar 1031, at 1035. See, *e.g., Lawyer* v. *Lawyer* (App. 1933), 14 Ohio Law Abs. 33. See, also, *McVay* v. *McVay* (1974), 44 Ohio App. 2d 370, at 374 [73 O.O.2d 415]. Adherence to the "tender years" doctrine, then, would amount to reversible error, under the circumstances posited by defendant.

We have reviewed the trial court's file, with special attention to its findings of fact and conclusions of law, and conclude that they are not inconsistent with the statement of facts and issues contained in defendant's brief. Thus, we accept that statement of facts and issues as correct and, as we conclude that defendant's brief reasonably supports a finding that it is in the best interest of the child that she be in the custody of her father and, therefore, that the judgment of the trial court should be reversed in that regard, we sustain defendant's assignments of error, reverse that portion of the judgment which awarded custody to plaintiff, and remand this cause to the trial court with instructions to modify its judgment by awarding custody to defendant.

*Judgment reversed and cause remanded with instructions.*

MOYER and STERN, JJ., concur.

STERN, J., retired Justice of the Supreme Court of Ohio, assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.