OPINION
This timely appeal arises from a decision of the Belmont County Court of Common Pleas, Juvenile Division, awarding custody of the parties' minor son to Appellee subsequent to a paternity determination. Appellant Cynthia Ann Morris ("Appellant") argues that the change of custody determination was not supported by the weight of the evidence. For the following reasons, we affirm the decision of the trial court.
On September 17, 1996, Appellee John E. Pyles ("Appellee") was established by an administrative order to be the father of John E. Pyles, Jr., pursuant to R.C. § 1311.01, et seq. John Jr. was born on March 17, 1996. The parties have never been married, but they did have a prior child together, a daughter who resides with Appellee. Appellant retained custody of John Jr. both prior to and after the paternity determination. Appellant also has two other children who were removed from her custody by Guernsey County Children's Services. Those children were in foster care during the pendency of the present action.
On November 18, 1996, Appellant filed a Complaint for Support in the Belmont County Court of Common Pleas, Juvenile Division. On December 5, 1996, Appellee filed his Answer, which included a counterclaim requesting that he be awarded custody of John Jr.
The custody issue was tried before a magistrate on February 25, 1997. The parties were each represented by counsel at the hearing. The magistrate heard testimony from both parties, from Appellee's sister Ruth Gordon and from a friend of Appellant named Joyce Baker. At the end of the hearing, the magistrate informed the parties that he would be recommending to the trial court that Appellee be awarded custody of John Jr. Appellant raised an oral objection to the decision, which was noted by the magistrate. The magistrate journalized his decision that same day, ordering that the child be placed immediately in Appellee's custody and leaving the parties to determine a visitation schedule.
A hearing on Appellant's objections took place on April 1, 1997. The parties presented brief oral arguments, although no new evidence was introduced. On July 16, 1997, the court issued a one-page decision which upheld the recommendations of the magistrate. Appellant filed a timely appeal of that decision on August 6, 1997.
Appellant's sole assignment of error alleges:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING CUSTODY OF THE MINOR CHILD TO THE APPELLEE BECAUSE THE TRIAL COURT'S DECISION WAS NOT SUPPORTED BY A SUBSTANTIAL AMOUNT OF COMPETENT AND CREDIBLE EVIDENCE."
Appellant argues that R.C. § 3109.04(F)(1) contains a list of factors which the trial court must consider when making a custody determination in the best interests of the child. Appellant argues that the trial court discounted the evidence which showed that she was a responsible, caring mother, and ignored evidence indicating that Appellee's work schedule would severely limit the time he could spend with John Jr. Appellant submits that the trial court inappropriately considered the financial status of the parties in making its decision, which is prohibited by R.C. § 3109.04(F)(3). Appellant also asserts that the trial court was required to make findings to show that the factors in R.C. § 3109.04(F)(1) were met and that the trial court's failure to do so is prejudicial error. Appellant's arguments are not persuasive.
R.C. § 3111.13 states, in pertinent part:
 "(A) The judgment or order of the court determining the existence or nonexistence of the parent and child relationship is determinative for all purposes.
"* * *
 "(C) Except as otherwise provided in this section, the judgment or order may contain any other provision directed against the appropriate party to the proceeding, concerning the duty of support, the furnishing of bond or other security for the payment of the judgment, or any other matter in the best interest of the child. The judgment or order shall direct the father to pay all or any part of the reasonable expenses of the mother's pregnancy and confinement. After entry of the judgment or order, the father may petition that he be designated the residential parent and legal custodian of the child or for visitation rights in a proceeding separate from any action to establish paternity. * * *" (emphasis added).
Appellee filed a custody action pursuant to R.C. § 1311.13(C) by way of a counterclaim in his answer to Appellant's Complaint for Support. Appellee's counterclaim was an original action for custody, governed by R.C. § 3109.04. Braatz v. Braatz (1999), 85 Ohio St.3d 40,44. R.C. § 3109.04(A) states, in pertinent part.
 "(A) In any divorce, legal separation, or annulment proceeding and in any proceeding pertaining to the allocation of parental rights and responsibilities for the care of a child, upon hearing the testimony of either both parents and considering any mediation report filed pursuant to section 3109.052 of the Revised Code and in accordance with sections 3109.21
to 3109.36 of the Revised Code, the court shall allocate the parental rights and responsibilities for the care of the minor children of the marriage. Subject to division (D)(2) of this section, the court may allocate the parental rights and responsibilities for the care of the children in either of the following ways:
 "(1) If neither parent files a pleading or motion in accordance with division (G) of this section, if at least one parent files a pleading or motion under that division but no parent who filed a pleading or motion under that division also files a plan for shared parenting, or if at least one parent files both a pleading or motion and a shared parenting plan under that division but no plan for shared parenting is in the best interest of the children, the court, in a manner consistent with the best interest of the children, shall allocate the parental rights and responsibilities for the care of the children primarily to one of the parents, designate that parent as the residential parent and the legal custodian of the child, and divide between the parents the other rights and responsibilities for the care of the children, including, but not limited to, the responsibility to provide support for the children and the right of the parent who is not the residential parent to have continuing contact with the children." (emphasis added).
R.C. § 3109.04(F)(1) contains a non-exclusive list of factors which the court must consider in determining whether a custody decree is in the best interests of the child:
 "(F)(1) In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 "(a) The wishes of the child's parents regarding his care;
 "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 "(c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 "(d) The child's adjustment to his home, school, and community;
 "(e) The mental and physical health of all persons involved in the situation;
 "(f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
 "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent his or her right to visitation in accordance with an order of the court;
 "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
A trial court's decision regarding the custody of a child which is supported by competent and credible evidence will not be reversed absent an abuse of discretion. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, syllabus; Rohrbaugh v. Rohrbaugh (2000), 136 Ohio App.3d 599, 603. A trial court has broad discretionary powers in child custody proceedings.
Reynolds v. Goll (1996), 75 Ohio St.3d 121, 124. This discretion should be accorded the utmost respect by a reviewing court in light of the gravity of the proceedings and the impact that a custody determination has on the parties involved. Trickey v. Trickey (1952), 158 Ohio St. 9,13. An abuse of discretion connotes an attitude on the part of the court that is arbitrary, unreasonable or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
Appellant contends that the trial court was required to make explicit findings comporting with R.C. § 3109.04(F)(1) as part of its custody determination. Although certain custody determinations do require that the trial court make specific findings of fact to support its decision (e.g., modification of a prior decree allocating parental rights and responsibilities, R.C. § 3109.04(E)(1)); custody decrees based on a finding that a parent committed a criminal offense involving abuse or neglect of children, R.C. § 3109.04(C)), there is no such requirement in R.C. § 3109.04(A). Appellant could have requested findings of fact and conclusions of law as provided in Civ.R. 52, applicable to custody determinations involving questions of fact which are tried by the court without a jury. Werden v. Crawford (1982), 70 Ohio St.2d 122, syllabus.
 "Where an appealing party challenges the findings of the trial court on the basis that such findings are not supported by the weight of the evidence, and separate findings of fact and conclusions of law were neither requested by the parties nor supplied by the trial court, the reviewing court is bound to affirm if, from an examination of the record as a whole, there is some evidence from which the trial court could have reached the ultimate factual conclusions supporting the judgment."
 Pettet v. Pettet (1988), 55 Ohio App.3d 128, 128; see also Ratliff v. Ohio Dept. of Rehab. Corr. (1999), 133 Ohio App.3d 304, 311.
Appellant postulates that, because there was little or no evidence proving that she was an unfit parent, the trial court should not have awarded custody to Appellee. This is not the appropriate standard by which custody decisions are made. A trial court must often make custody determinations even when there are no allegations that either parent is unfit. This situation typically occurs in divorce proceedings. There is no abuse of the trial court's discretion in awarding custody to one parent when both are fit parents. deLevie v. deLevie (1993),86 Ohio App.3d 531, 539-540. The primary consideration for the trial court in a custody award is the best interests of the child, not whether one of the parents is unfit. Bechtol, supra, 49 Ohio St.3d at 22.
There was ample evidence that both Appellant and Appellee were caring parents to John Jr. The parties had worked out a visitation schedule so that Appellee would have custody of the child on his days off from work. Appellee's sister Ruth Gordon testified that she resided with Appellee and often cared for both John Jr. and his sister during the time Appellee was at work. She also testified that John Jr. and his sister enjoyed being together when John Jr. was visiting with Appellee. The parties and Ms. Gordon appeared to have worked together cooperatively to care for the child.
There was no evidence that either parent abused, mistreated or neglected John Jr., but there was no burden on either party to prove such matters. There was also no presumption that Appellant should have retained custody due to the fact that she was the child's mother or because she had custody prior to the paternity action. Charles v.Charles (1985), 23 Ohio App.3d 109, 110; In re Maxwell (1982),8 Ohio App.3d 302, 303; see also R.C. § 3109.03. The fact that Appellant was the child's primary caregiver prior to the custody action was, of course, a factor to be considered by the trial court. Bechtol,supra, 49 Ohio St.3d at 23.
The record supports the trial court's decision regardless of which parent was awarded custody. There was no abuse of discretion in the decision to award custody to Appellee even though the record would also support an alternative ruling.
Appellant's allegation that the trial court impermissibly relied on evidence of the parties' financial status in making its determination is unfounded. R.C. § 3109.04(F)(3) states that, "the court shall not give preference to a parent because of that parent's financial status or condition." Testimony was presented concerning the limited financial resources available to Appellant. Nevertheless, the trial court was free to disregard such evidence. A trial judge in a bench trial is presumed to know the law and to consider only the relevant, material and competent evidence in arriving at a decision. City of E. Cleveland v. Odetellah
(1993), 91 Ohio App.3d 787, 794; State v. Davis (1992), 63 Ohio St.3d 44,48. There is nothing in the record which would overcome this presumption.
Finding no merit in Appellant's assignment of error, it is hereby overruled and the decision of the Belmont County Court of Common Pleas, Juvenile Division, is affirmed.
 _______________ WAITE, J.
Donofrio, J., concurs, Vukovich, P.J., concurs.