SPECKMAN, Plaintiff-Appellee, v. SPECKMAN, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 2297. Decided November 18, 1954.

James C. Baggott, Dayton, for plaintiff-appellee.
J. H. Patricoff, Gus W. Byttner, Dayton, for defendant-appellant.

## OPINION

By THE COURT:

This is an appeal on questions of law from an order of the Common Pleas Court changing a former custodial order respecting two minor daughters of the parties. The defendant-appellant had been awarded the custody of the children at the time a divorce decree was granted to her husband, the plaintiff-appellee. The order appealed from was a result

of a hearing upon a motion of the husband to modify the custodial order. The action of the court is the subject of the appeal and the assignments of error are divided into seven headings.

It will not be necessary to consider the assignments separately. All of them relate to the correctness of the order, it being challenged because there was no change of circumstances and no facts adduced which support it.

We are cited to many cases wherein is discussed the attitude of courts, and ours, respecting the practice of entrusting children to the care of their mother. It is recognized that a mother by nature is ordinarily better qualified to give young children the nurture, care and attention required than the father. We need not advert to our opinions, and we do not modify them in any particular. However, we could not, if we would, take away from the trial court the right to consider, weigh and resolve the ultimate question, namely, What is for the best interest of the children? Recognizing that right, we cannot hold that there has not been a change of circumstances, or that the facts did not support the action which the court has taken. We say this, even though had we been passing upon the matter originally we may have reached a different conclusion.

We have a motion of appellee to strike the reply brief of appellant from the files because it contains subject matter which is no part of the record.

We have read the brief with a full appreciation of our obligation to restrict our consideration to the evidence taken in the trial court. Therefore, the brief has not prejudiced the appellee. Likewise we have disregarded all statements of counsel which are subject to the same objection directed to part of the reply brief. The motion will be denied.

The judgment must be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.