BIRCH, APPELLANT, *v.* BIRCH, APPELLEE.

[Cite as Birch *v.* Birch (1984), 11 Ohio St. 3d 85.]

(No. 83-1079—Decided June 6, 1984.)

Mr. *Patrick L. Menicos,* for appellant.

Messrs. *Tzangas, Plakas & Mannos* and Mr. *James G. Mannos,* for appellee.

*Per Curiam.* The principal question raised in the case *sub judice* is whether appellant's right to the free exercise of religion, as secured by the First and Fourteenth Amendments to the United States Constitution, was violated when her religious practices were considered in making a custody determination concerning her minor children. Appellant maintains that, absent proof of actual harm to the children, she may not be deprived of custody if the custody determination is motivated by appellant's religious practices.

The First Amendment has never been interpreted as an absolute proscription on the governmental regulation of religious practices. In *Reynolds* v. *United States* (1878), 98 U.S. 145, 164, it was stated:

"* * * Congress was deprived of all legislative power over mere opinion, but was left free to reach actions which were in violation of social duties or subversive of good order."

In *Cantwell* v. *Connecticut* (1940), 310 U.S. 296, 303-304, the court stated:

"Thus the [First] Amendment embraces two concepts, — freedom to believe and freedom to act. The first is absolute but, in the nature of things, the second cannot be. Conduct remains subject to regulation for the protection of society."

In *Prince* v. *Massachusetts* (1944), 321 U.S. 158, the court acknowledged that the primary obligation of child-rearing rests with the parents and family. However, the court also recognized at 166-167 that:

"* * * [T]he family itself is not beyond regulation in the public interest, as against a claim of religious liberty. * * * [T]he state has a wide range of power for limiting parental freedom and authority in things affecting the child's welfare; and * * * this includes, to some extent, matters of conscience and religious conviction."

The court poignantly remarked:

"* * * Parents may be free to become martyrs themselves. But it does not follow they are free, in identical circumstances, to make martyrs of their children before they have reached the age of full and legal discretion when they can make the choice for themselves." *Id.* at 170.

See, also, *Minersville School Dist. Bd. of Edn.* v. *Gobitis* (1940), 310 U.S. 586 [17 O.O. 417], *Wisconsin* v. *Yoder* (1972), 406 U.S. 205, and *Bob Jones University* v. *United States* (1983), 76 L. Ed. 2d 157.

R.C. 3109.04(A) provides:

"If the [domestic relations] court finds, with respect to any child under eighteen years of age, that custody to neither parent is in the best interest of the child, it may commit the child to a relative of the child or certify a copy of its findings, together with so much of the record and the further information, in narrative form or otherwise, as it deems necessary or as the juvenile court requests, to the juvenile court for further proceedings, and, upon the certification, the juvenile court has exclusive jurisdiction."

R.C. 3109.04(C) sets forth a list of factors which must be considered in determining the best interests of a child. That list includes:

"(3) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;

"* * *

"(5) The mental and physical health of all persons involved in the situation."

There is no question that the paramount and overriding concern of the above statute is the best interests of the child, or in this case children, and that it is the court's function to see that the children's best interests are protected. See, *e.g., Scholler* v. *Scholler* (1984), 10 Ohio St. 3d 98, 103-104, and

*Boyer* v. *Boyer* (1976), 46 Ohio St. 2d 83, 87 [75 O.O.2d 156]. This obligation of the court to consider the best interests of the children serves to protect them from emotionally unstable and fanatically misguided custodial parents, whether the parents' behavior is religiously motivated or otherwise, while simultaneously safeguarding the parents' fundamental constitutional freedom to raise their children as they deem proper. See *Meyer* v. *Nebraska* (1923), 262 U.S. 390, 399, and *Pierce* v. *Society of Sisters* (1925), 268 U.S. 510, 534-535. In recognition of society's legitimate interest in the welfare of its minor children, the law does not require that a child be actually harmed or that a parent's unsuitability to have custody of her children be disregarded because the parent claims that the bases of her unsuitability are religious practices.

Accordingly, the judgment of the court of appeals is affirmed.[2]

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

---

[2] Appellant also argued below that the juvenile court, upon certification from the domestic relations court, may not adopt the latter court's findings of fact and conclusions of law but must hold a new hearing. We can find no support for appellant's argument and note that appellant (or appellee for that matter) is entitled to seek a modification of the custody determination upon the proper showing of changed circumstances. See R.C. 3109.04(B) and 2151.38.