**SEIBERT, Appellant,**

v.

**SEIBERT, Appellee.**

[Cite as *Seibert v. Seibert* (1990), 66 Ohio App.3d 342.]

Court of Appeals of Ohio,
Clermont County.

No. CA89-05-040.

Decided March 12, 1990.

*John Woliver,* for appellant.

*O'Connor, Acciani & Associates* and *Michael O'Connor,* for appellee.

JONES, Presiding Judge.

Plaintiff-appellant, Vicki Seibert, and defendant-appellee, Jeffrey B. Seibert, were married on February 11, 1984. One child, Brian Seibert, was born issue of the marriage on July 9, 1984. Appellant filed a complaint for divorce on July 15, 1988, to which appellee filed an answer and counterclaim.

The parties reached an agreement on all issues regarding the division of marital property and the allocation of marital debts, leaving the question of child custody as the sole remaining issue for the court's determination.

Following a March 13, 1989 evidentiary hearing on the issue of child custody, the Clermont County Court of Common Pleas, Domestic Relations Division, issued a decision dated April 3, 1989, in which it awarded custody of

the child to appellee. The court's custody decision was incorporated into its final divorce decree which appellant now appeals.

Appellant submits two assignments of error for our review which read, as follows:

First Assignment of Error

"The trial court abused its discretion by awarding custody of the parties' minor child to the defendant-appellee when all the evidence establishes that both parties are suitable custodians and plaintiff-appellant is the primary caretaker of the child."

Second Assignment of Error

"The trial court abused its discretion by making its custody order without consideration of all factors set forth in Ohio Rev.Code § 3109.04(C), and basing its decision on the possible future and not the present circumstances of the parties."

Combined, appellant's two assignments of error claim that the trial court abused its discretion in its custody order. In support of her position, appellant asserts that the trial court did not strongly consider the role of the child's primary caretaker, failed to consider all relevant statutory factors in R.C. 3109.04(C), based its custody award on future rather than present circumstances, and ignored the minor child's sibling relationship with appellant's daughter by a prior marriage.

It is indisputably clear from the record that appellant fulfilled the role of the child's primary caretaker. By mutual agreement, appellant quit her job and devoted her full attention to domestic and child care responsibilities while appellee worked long hours in his career as an insurance salesman and sales manager. The record further reflects that the minor child developed a strong sibling relationship with appellant's daughter.

The primary concern in a child custody case is the child's best interest. *Miller v. Miller* (1988), 37 Ohio St.3d 71, 523 N.E.2d 846. The child's best interest is to be determined by considering all relevant factors, including those enunciated in R.C. 3109.04(C). *Birch v. Birch* (1984), 11 Ohio St.3d 85, 11 OBR 327, 463 N.E.2d 1254. The relevant factors set forth in R.C. 3109.04(C) include:

"(1) The wishes of the child's parents regarding his custody;

"(2) The wishes of the child regarding his custody if he is eleven years of age or older;

"(3) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;

"(4) The child's adjustment to his home, school, and community;

"(5) The mental and physical health of all persons involved in the situation."

■ R.C. 3109.04(C) does not contain an exhaustive list of factors. The trial court is to consider all "relevant" factors one of which is the role of the child's primary caretaker. See *Thompson v. Thompson* (1987), 31 Ohio App.3d 254, 31 OBR 538, 511 N.E.2d 412. This court has likewise recognized the importance of a child's primary caretaker as a relevant factor in fashioning a custody award. *Strong v. Strong* (Sept. 11, 1989), Butler App. No. CA89–02–024, unreported, 1989 WL 104418, motion to certify overruled (1989), 47 Ohio St.3d 712, 548 N.E.2d 244.

■ The trial court did consider appellant's role as the child's primary caretaker. The court noted, however, that even though appellant had assumed primary responsibility for the child's care, " * * * the other factors considered by this Court outweigh the mother's being the primary caretaker of this child."

While we cannot say that the court did not consider the primary caretaker factor in its custody determination, it is apparent that the court attached little, if any, importance to it in light of the other factors. In evaluating the primary caretaker factor, the court did not consider appellant's role as the primary caretaker of a child of tender years. At common law, the mother's preferred privilege to nurture and care for children was based upon the perception that the best interest of a child of tender years was ordinarily served when custody was granted to the mother. See, *e.g., Clark v. Bayer* (1877), 32 Ohio St. 299, and *Speckman v. Speckman* (App.1954), 70 Ohio Law Abs. 506, 128 N.E.2d 761.

Some courts have interpreted the best interest standard of R.C. 3109.04 as precluding consideration of a child's tender years in a custody dispute. In *Charles v. Charles* (1985), 23 Ohio App.3d 109, 23 OBR 175, 491 N.E.2d 378, the Franklin County Court of Appeals held that application of a presumption that a mother is entitled to custody of a child of tender years may constitute reversible error. Similarly, the court in *In re Maxwell* (1982), 8 Ohio App.3d 302, 8 OBR 409, 456 N.E.2d 1218, held that a mother should not be given preference in a custody determination merely because of a child's tender years. These cases appear to draw their reasoning from R.C. 3109.03 which recognizes no distinction between the rights of a father and those of a mother to the custody of children. While R.C. 3109.03 places parents on an equal footing for child-custody matters, this statutory parental equality does not render a child's tender years totally irrelevant.

Although the court stated in *Maxwell, supra,* at 304, 8 OBR at 411, 456 N.E.2d at 1220, that a mother should not " * * * be given preference in a custody determination merely because of the tender years of a child," we do not believe that such requires a complete rejection of the importance of a child's tender years. Admittedly, R.C. 3109.04(C) precludes a *presumptive* quality on the primary caretaker factor. *Maxwell, supra,* at 306, 8 OBR at 413, 456 N.E.2d at 1222. The statute also prohibits a similar presumptive quality on the issue of the child's tender years. However, a child's tender years, like the role of the primary caretaker, is nevertheless a relevant factor which merits consideration in a child custody determination. *Berry v. Berry* (Mar. 12, 1990), Clermont App. No. CA88–11–081, unreported, 1990 WL 25703.

R.C. 3109.04(C)(2) permits a court to consider the child's wishes regarding custody if the child is eleven years of age or older. In this regard, the statute implicitly recognizes the importance of the child's *age* in fashioning a custody award. If it is presumed that a child's opinion regarding custody is relevant once he or she attains a certain age, it seems no less relevant to consider a child's age or tender years if the child is still an infant. Thus, a parent is not *presumed* to be a preferred parent because the case involves a child of tender years. Rather, a child's tender years or age is a *relevant factor* which merits consideration in determining the child's best interest. *Berry, supra.* It is readily apparent that the trial court did not consider this factor in its custody award.

Appellant's other arguments concern the child's sibling relationship with appellant's daughter and the trial court's reliance on what appellant refers to as "future" factors and circumstances in rendering its custody order.

The record reflects that the child had developed a very close sibling relationship with appellant's daughter from a previous marriage. A child's interaction and interrelationship with siblings is a relevant factor for determining the child's best interest in a custody dispute. R.C. 3109.04(C)(3). The trial court recognized the importance of this relationship inasmuch as it attempted to compensate for the disruption resulting from its custody award by providing for "an extensive period of visitation permitting the minor child * * * to be with his half siblings." The removal of a child from the custody of a primary caretaker parent and a half sister with whom the child had developed a close attachment has constituted an abuse of discretion when not in the child's best interest. See *Dom v. Dom* (Sept. 30, 1988), Butler App. No. CA87–07–099, unreported, at 12, 1988 WL 102600, motion to certify record overruled (1989), 41 Ohio St.3d 706, 534 N.E.2d 1211. If the disruption of such a relationship constitutes an abuse of discretion, it cannot be offset by liberal visitation provisions.

Appellant's assertion that the trial court relied on "future" factors focuses on the testimony of Dr. Ronald Baum, a clinical psychologist who examined both parties as well as the minor child. Baum was concerned with appellant's "instability" caused by her having to relocate and find a job with limited employment qualifications. Baum also noted that appellant's instability resulted from the loss of emotional and financial support from appellee and her taking prescription medication for a "nervous condition." Although Baum testified that appellant was a well-suited parent and was not unfit, he did not recommend that custody be awarded to appellant because he was not sure if she would be able to provide the stability necessary in a custodial parent.

The conclusions which the trial court drew from Dr. Baum's testimony ignores the fact that appellant's financial and emotional instability stem in part from her relationship with appellee and her reliance upon him to provide for her financial well-being. In any event, it is clear that Baum's recommendations focused upon future possibilities rather than present factors. A custody award based on such future possibilities is contrary to the purpose of R.C. 3109.04 which is to award custody based on the present circumstances. R.C. 3109.04(B)(1) provides that a custody award can be modified if a court finds a change of circumstance " * * * based on facts that have *arisen since the prior decree* or that were unknown to the court at the time of the prior decree * * *." (Emphasis added.) The court's ability to modify a custody award on the basis of a change in circumstances implies that the original award, or any subsequent modification thereof, should be based upon present or past circumstances, not on future possibilities or contingencies.

We accordingly conclude that the trial court's reliance upon possible future circumstances coupled with its failure to consider the child's tender years render the custody award an abuse of discretion. The assignments of error are sustained and the case is remanded for further proceedings regarding the issue of child custody.

*Judgment reversed*
*and cause remanded.*

KOEHLER, J., concurs.

HENDRICKSON, J., dissents.

HENDRICKSON, Judge, dissenting.

I do not agree with the application of the so-called "tender years doctrine" to child custody cases. In fact, I agree with the comments of Judge Young which are contained in his dissent in *Berry v. Berry* (Mar. 12, 1990), Clermont CA88–11–081, unreported, 1990 WL 25703. Furthermore, as I am unable to

find that there is an abuse of discretion in the award of custody to appellee, the mere fact that it seems more logical to award custody to appellant does not justify reversal of the decision of the trial court.