OPINION
Defendant-appellant, Penny Marsh, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, terminating her marriage to plaintiff-appellee, Jason Marsh, and granting custody of the parties' two minor children to appellee. The judgment of the trial court is affirmed.
The parties have two children together, Amber, born September 6, 1991, and Michael, born January 14, 1993. The parties were married on January 21, 1994, and separated in February 1999. At first, they agreed that they would equally share parenting time with the children. This arrangement worked well for the parties until April 1999, when appellant lost her job. Thereafter, appellant had no income and began experiencing financial difficulties. Although she received only minimal financial help from appellee, appellant did not seek a court order for temporary child or spousal support.
In July 1999, appellant unilaterally decided to move to Texas where her parents lived, taking the parties' children with her. She did not provide appellee with any advance notice of her intent to relocate. Although appellant's parents testified that this was only a vacation, appellant moved her furniture with her, established a residence, and enrolled the children in school once in Texas. Appellee traveled to Texas to see the children, but was only allowed to spend a short time with them. He was generally permitted to speak with the children by phone whenever he desired.
Appellee filed for divorce in September 1999. The trial court granted temporary custody of the children to appellee during the pendency of the divorce. Appellant was able to visit the children for a week during their Christmas break, and had ample telephone contact with the children. A guardian ad litem was appointed to represent the best interests of the children. After a final hearing on the matter, the trial court designated appellee the residential parent and legal custodian of the parties' children. Appellant appeals, raising the following assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT WHEN IT GRANTED RESIDENTIAL PARENT STATUS TO JASON MARSH.
 It is well-established that a trial court has broad discretion in custody proceedings. See Davis v. Flickinger (1997), 77 Ohio St.3d 415. Because "custody issues are some of the most difficult and agonizing decisions a trial judge must make[,] * * * a trial judge must have wide latitude in considering all the evidence before him or her * * * and such a decision must not be reversed absent an abuse of discretion." Id. at 418. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
When making an initial allocation of parental rights and responsibilities, the primary concern of the trial court is the children's best interest. R.C. 3109.04(F)(1). The trial court must consider all relevant factors related to the children's best interest, including those factors specified by R.C. 3109.04(F)(1), including:
 (a) The wishes of the child's parents regarding the child's care;
 (b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 (c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 (d) The child's adjustment to the child's home, school, and community;
 (e) The mental and physical health of all persons involved in the situation;
 (f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 (g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 (h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; * * *
 (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
 The trial court made findings related to each applicable statutory factor and concluded that it was in the children's best interest that appellee be designated their residential parent. Appellant argues that the trial court's decision was an abuse of discretion because it is against the weight of the evidence.
Appellant first contends that the trial court erred by not following the recommendation of the guardian ad litem, who stated in his final report to the trial court that it was in the children's best interest that appellant be designated the residential parent. This recommendation was based in part on Amber's stated desire to live in Texas. However, the trial court concluded that its own interview of the children was unhelpful in determining the allocation of parental rights and responsibilities.
The role of the trial court is to act as the fact-finder and to exercise independent judgment in determining the best interests of the children. In re Ottariano (July 16, 2001), Butler App. No. CA2000-09-181, unreported at 6. A trial court may not simply adopt the conclusion of a guardian ad litem without further inquiry into the children's best interest; rather, the court must consider all available evidence. See In re Wright (May 27, 1997), Brown App. No. CA96-10-019, unreported, at 8. The report of a guardian ad litem is merely an aid to the trial court and but one factor the court must consider when allocating parental rights and responsibilities. Ottariano at 6. Our review of the record indicates that the trial court appropriately considered the recommendation of the guardian ad litem as one factor influencing its decision allocating parental rights and responsibilities.
Appellant also contends that the trial court failed to give appropriate weight to her role as the children's primary caretaker. While a parent's role as primary caretaker is a factor to be considered when making the best interest determination, it is only one of the relevant factors to be considered in a child custody case. Seibert v. Seibert (1990),66 Ohio App.3d 342, 345. R.C. 3109.04(F) precludes placing a presumptive quality on this factor. Clontz v. Clontz (Mar. 9, 1992), Butler App. No. CA91-02-027, unreported, at 8. The trial court heard evidence related to appellant's role as the children's primary caretaker, and was in the best position to give this factor the appropriate weight.
Further, our review of the trial court's decision indicates that the trial court considered all of the relevant factors when making the present custody determination. The trial court found that both parties desired to have custody of the children, and that both parties were capable parents. With regard to the majority of the statutory factors, the trial court found that the parties are on an equal footing: the children have significant interaction with both parents, the children have relationships with both sides of their extended families, the children adjusted well to their homes and schools in both Ohio and Texas, and neither party failed to pay child support. However, the trial court was troubled by appellant's unilateral decision to move the children to Texas, and the fact that appellant had established a new residence outside of Ohio. It was apparently this evidence which tipped the balance, in the trial court's view, in favor of awarding custody to appellee. Our review of the record indicates no abuse of discretion in the trial court's allocation of parental rights and responsibilities. The assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and POWELL, J., concur.