OPINION
Appellant Annie McClain fka Harvey appeals the decision of the Licking County Court of Common Pleas, Domestic Relations Division, which granted custody of her son, Dakota, to Appellee Norman Wiltshire, the child's father. The relevant facts leading to this appeal are as follows.
Appellant gave birth to Dakota James Harvey on January 13, 1998. Appellee, with whom appellant formerly lived, submitted to genetic testing to determine if he was Dakota's father. The court case originated with a petition in July 1998 to accept an administrative determination of paternity, filed by the Licking County Child Support Enforcement Agency. Appellee thereafter admitted to paternity of Dakota, and on September 22, 1998, the trial court issued a temporary support order against appellee. On October 26, 1998, pursuant to appellee's motion, the paternal grandparents, Charles and Joyce Wiltshire ("the Wiltshires"), were named as parties to the action. On August 23, 1999, appellee filed a motion for custody, support, and change of name. A hearing on said motion was conducted before a magistrate on September 27, 1999. Appellant was not represented by counsel at said hearing. According to appellant, she was informed of the hearing only one day beforehand by appellee's counsel. On October 12, 1999, the magistrate issued a decision recommending a change of custody to appellee and a change of surname to "Wiltshire." On February 7, 2000, after receiving time extensions from the court, appellant filed written objections to the decision of the magistrate. On August 6, 2001, nearly one and one-half years later, the trial court issued a judgment entry overruling the objections. A final judgment entry establishing paternity and awarding custody was filed August 17, 2001.
Appellant timely appealed and herein raises the following five Assignments of Error:
 I. THE COURT ERRED IN MAKING A DECISION ON THE AUGUST 23, 1999, MOTION THAT WAS NOT PROPERLY BEFORE THE COURT WHERE THERE WAS INSUFFICIENCY OF PROCESS AND SERVICE OF PROCESS MAKING IT CLEAR THAT THE COURT LACKED PERSONAL JURISDICTION DENYING MS. McCLAIN DUE PROCESS.
 II. THE TRIAL COURT ABUSED ITS DISCRETION BY MAKING A CUSTODY CHANGE TO APPELLEE WHEN ALL RELEVANT FACTORS SET FORTH IN O.R.C. SEC. 3109 WERE NOT CONSIDERED.
 III. THE TRIAL COURT ABUSED ITS DISCRETION IN MAKING A CHANGE OF CUSTODY TO APPELLEE WHEN THE EVIDENCE ESTABLISHES THAT BOTH PARTIES ARE SUITABLE AND THE MOTHER WAS THE PRIMARY CAREGIVER.
 IV. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S REQUEST FOR A NAME CHANGE.
 V. THE TRIAL COURT ERRED IN ENTERING FINAL JUDGMENT NOT IN CONFORMITY WITH THE ORIGINAL ORDER AND DUE TO THE LENGTH OF TIME BETWEEN OBJECTIONS AND FINAL ORDER ERRED IN FAILING TO CONSIDER CHANGES IN CIRCUMSTANCES.
 I
In her First Assignment of Error, appellant argues that she was denied proper service of process regarding the magistrate's hearing of September 27, 1999. Civ.R. 53(E)(3)(a) provides that a party may, if it so desires, file objections to a magistrate's decision within fourteen days of the filing of the decision. Civ.R. 53(E) requires the objections be specific. North v. Murphy (March 9, 2001), Tuscarawas App. No. 2000AP050044, unreported. Further, Civ.R. 53(E)(3)(b) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." See, e.g., Stamatakis v.Robinson (January 27, 1997), Stark App. No. 96CA303, unreported;Kademenos v. Mercedes-Benz of North America, Inc. (March 3, 1999), Stark App. No. 98CA50, unreported. See, also, Staff Notes to Civ.R. 53(E)(3)(b) (stating that "the rule reinforces the finality of trial court proceedings by providing that failure to object constitutes a waiver on appeal of a matter which could have been raised by objection").
We have reviewed the detailed objection to the magistrate's decision filed by appellant, via counsel, on February 7, 2000. Although making reference to appellant's lack of counsel at the magistrate's hearing, the objection does not raise the issue of service of process. We therefore find that appellant has waived her right to argue this issue on appeal. We are further disinclined to apply any "plain error" review to appellant's arguments. See Goldfuss v. Davidson (1997), 79 Ohio St.3d 116,122.
Appellant's First Assignment of Error is therefore overruled.
 II, III
In her Second and Third Assignments of Error, appellant argues that the trial court failed to fully consider the statutory factors for granting a change of custody, and further erred by awarding appellee custody where the evidence showed both parents are suitable. We will address both Assignments of Error together.
In custody issues, our standard of review is whether or not the trial court abused its discretion. Miller v. Miller (1988), 37 Ohio St.3d 71, citing Dailey v. Dailey (1945), 146 Ohio St. 93. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion.Holcomb v. Holcomb (1989), 44 Ohio St.3d 128. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. Tinney v. Matthews (March 3, 1994), Tuscarawas App. No. 93-AP-050033, unreported. In proceedings involving the custody and welfare of children, the power of the trial court to exercise discretion is peculiarly important. Thompson v. Thompson (1987), 31 Ohio App.3d 254,258, citing Trickey v. Trickey (1952), 158 Ohio St. 9, 13.
R.C. 3109.04(E)(1)(a), which the trial court in the case sub judice
utilized, reads as follows:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 (i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 (ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
In addition, R.C. 3109.04 (F)(1) reads as follows:
 In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 (a) The wishes of the child's parents regarding the child's care;
 (b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 (c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 (d) The child's adjustment to the child's home, school, and community;
 (e) The mental and physical health of all persons involved in the situation;
 (f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 (g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 (h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
The magistrate in the case sub judice heard pertinent testimony from appellant, appellant's mother, appellant's husband's probation officer, a court investigator, appellee, a church acquaintance of appellee's, both of appellee's parents, appellee's girlfriend, and appellee's sister. Based on the evidence presented, the magistrate found, inter alia, that appellant had previously admitted to drug use, that Dakota was exposed to domestic violence directed at appellant by her husband, who is wanted on a warrant and has a serious alcohol abuse problem, that appellant's credibility was suspect, and that she had failed to maintain a stable residence for Dakota. Although the magistrate found both appellant and appellee were in good health, had no child abuse or domestic violence records, and maintained "physically sufficient" residences, the magistrate also concluded that appellee had provided adequate parental care during visits, and was involved in an appropriate relationship with his girlfriend, who also maintained a good relationship with Dakota.
Upon careful review of the record, we find there was a substantial amount of credible and competent evidence to support the trial court's award of custody to appellee. Appellant's main assertion, that the court failed to consider the factors of R.C. 3109.04(E)(1)(a) and (F)(1), is without merit.
Appellant lastly argues that the trial court failed to consider that Dakota is of tender years and that it was error to change custody where both parents were suitable. Appellant cites as support the Twelfth District's decision in Seibert v. Seibert (1990), 66 Ohio App.3d 342, where the court determined that the question of whether a party is the primary caretaker of a child of tender years is a factor to be considered in determining custody. Assuming, arguendo, that the trial court subjudice did not adequately consider the tender years factor, we are nonetheless not inclined to find an abuse of discretion based on the record before us. Moreover, appellant does not challenge per se the applicability of R.C. 3109.04, which clearly enunciates a "best interest of the child" test, rather than a strict "suitability" test. SeeGorslene v. Huck (Oct. 24, 2001), Licking App. No. 01CA40, unreported. See, also, Kelm v. Kelm (2001), 92 Ohio St.3d 223, 228.
The trial court did not err in considering the relevant factors and did not abuse its discretion in thereby awarding custody of Dakota to appellee. Appellant's Second and Third Assignments of Error are overruled.
 IV
In her Fourth Assignment of Error, appellant contends that the trial court erred in granting appellee's request to change Dakota's last name.
As in our analysis of appellant's First Assignment of Error, we have reviewed the objection to the magistrate's decision, and find the objection does not raise the issue of name change. Appellant's Fourth Assignment of Error is therefore overruled.
 V
In her Fifth Assignment of Error, appellant argues that the trial court erred in issuing a final judgment entry not in conformity with the original order and not accounting for the length of time which transpired after the magistrate's decision. We disagree.
Appellant does not clarify her use of the term "original order," nor does she specify in what manner the final judgment entry failed to conform thereto. App.R. 12(A)(2) provides: "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." We thus find this portion of her argument without merit. In regard to the length of time that transpired between the magistrate's order of October 12, 1999, and the final judgment entry of August 14, 2001, we are compelled to emphasize that our review on appeal is limited to those materials in the record which were before the trial court. See State v. Ishmail (1978), 54 Ohio St.2d 402. Appellant's assertions regarding the time the matter was under advisement would require that we stray from the record. Appellant cites in supportButler v. Butler (1995), 107 Ohio App.3d 633, which holds, in the second sentence of the syllabus: "Passage of time during a significant portion of a child's life, combined with other pertinent factors, supports a finding of a change of circumstances requiring further inquiry by the trial court." However, the time passage in that case referred to the time between the final decree and the father's motion for custody, not the time the matter was taken under advisement.
Appellant's Fifth Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is hereby affirmed.
By: WISE, J., GWIN, P.J., and FARMER, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is affirmed.
Costs to appellant.