Because I disagree with the majority's reasoning and conclusion, I respectfully dissent.
A trial court's decision involving the custody of children should be accorded significant deference upon appellate review. As stated by the Supreme Court of Ohio: "The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. * * * In this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct."Miller v. Miller (1988), 37 Ohio St.3d 71, 74 (citations omitted).
Thus, the decision of the trial court with regard to the allocation of parental rights and responsibilities should not be reversed absent an abuse of discretion. See, e.g., Davis v. Flickinger, 77 Ohio St.3d 415,418, 1997-Ohio-260. An abuse of discretion connotes more than an error of law or of judgment; rather, "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. This court should not "undertake to weigh the evidence and pass upon its sufficiency," but instead "ascertain from the record whether there is some competent evidence to sustain the findings of the trial court." Ross v. Ross (1980), 64 Ohio St.2d 203,204. Even when an abuse of discretion is found, it is inappropriate for an appellate court to independently weigh the evidence and grant a motion to modify parental rights and responsibilities. Miller at 74.
I initially note that the trial court failed to find the requisite change of circumstances necessary to modify a prior allocation of parental rights and responsibilities. See R.C. 3109.04(E)(1). While the majority accepts this finding as "implied" in the trial court's decision, such finding was not made by the trial court. While the parties and trial court may have agreed, or operated under an assumption that a change in circumstances had occurred, this finding should have been expressly made by the trial court, or such a stipulation made by the parties, before the trial court considered the child's best interest.[1]
If this case is to be reversed, I would remand the matter to the trial court to make the required change of circumstances finding. However, as the majority's decision rests on a determination of the child's best interest, my dissenting opinion will address this issue.
When considering the child's best interest, the trial court must consider all relevant factors, including those enunciated in R.C.3109.04(C). Birch v. Birch (1984), 11 Ohio St.3d 85, 87. This statute does not contain an exhaustive list of factors; rather, the trial court must consider all relevant factors which include the role of the child's primary caretaker and the child's age. Seibert v. Seibert (1990),66 Ohio App.3d 342, 346.
Upon review of the record, I cannot conclude that the trial court abused its discretion by denying the motion to modify the prior allocation of parental rights and responsibilities. There is no question that both parties are suitable, loving parents. Appellee has been the child's primary caretaker, while appellant has had consistent parenting time. The child is well-acquainted with appellee's new boyfriend, with whom he and appellee will be living in Washington. As found by the trial court, the report prepared by the court-appointed psychologist indicates that the child is most strongly bonded with appellee, and that it would not be in the child's best interest to be separated from her.[2] All in all the parents appear to be on equal footing, save for appellee's role as the child's primary caretaker and her relocation to Washington.
The majority, by reversing the trial court's decision, has substituted its own judgment for that of the trial court. The majority has acted as the fact-finder in this matter, a role wholly unsuited to appellate review in a custody matter. See Bechtol, 49 Ohio St.3d at 21; Miller,37 Ohio St.3d at 71. While App.R. 12 grants an appellate court the power to reverse trial court judgments and enter those judgments that the court should have rendered, "it is inappropriate in most cases for a court of appeals to independently weigh evidence and grant a change of custody."Miller at 74.
The majority finds that the relocation "would undoubtedly have an adverse impact on the child's relationships with appellant and other Ohio family members." While the move may arguably have such an impact, it was the trial court's role to determine the relative weight of this factor in relation to other factors which weighed against the change of custody. R.C. 3109.04(F)(1); Miller, at 74. And while the majority finds that appellee's failure to inform appellant of her intended move implies that she will fail to facilitate visitation in the future, such finding is not supported by the record. In the present case, there is not even an allegation that appellee failed to provide appellant with visitation or otherwise interfered with his parenting time.
The majority concludes, finding that "the harm likely to be caused by the child's change in environment is outweighed by the advantages of the change in environment to the child." However, this finding is conclusory and factually unsupported. The trial court made no findings related to this issue, as it concluded that modification was not in the child's best interest. I again feel that the majority has inappropriately assumed the role of the fact-finder.
The cases relied upon by the majority to support the conclusion that the trial court's decision constitutes an abuse of discretion are not dispositive of this matter. In each of the cases cited by the majority, this court found no abuse of discretion in the trial court's decision to modify custody upon one parent's relocation. However, these cases do not stand for the proposition that custody must be changed every time a parent proposes a cross-country move. Rather, in each case, this court upheld the trial court's decision upon concluding that the trial court considered all the appropriate statutory factors. See Kubin v. Kubin
(2000), 140 Ohio App.3d 367; Hunter v. Hunter (Aug. 10, 1992), Madison App. Nos. CA91-10-031, CA91-11-034; Clontz v. Clontz (Mar. 9, 1992), Butler App. No. CA91-02-027.
Although it is true that "this court has repeatedly upheld trial court decisions finding that a similar cross-country move would not be in the best interest of the child," this court has also upheld decisions finding the converse to be true. See Hetterich v. Hetterich (Apr. 9, 2001), Butler App. No. CA2000-06-122. I thus find the majority's citations to these cases uncompelling. The majority opinion, through its reliance on these cases, suggests that trial courts are obliged to modify the allocation of parental rights and responsibilities whenever the residential parent proposes a significant move. This is certainly not the present state of the law.
It is apparent that the main contention in this matter is appellee's concealment of her planned move. Like the trial court and the majority, I find her behavior vexing. Her decision to conceal the move was, in the best light, immature, and in the worst light, deceitful. However, it was the trial court's role to determine the allocation of parental rights and responsibilities that serves the child's best interest.
The trial court made this determination, concluding that appellee's actions do not alter the fact that, for now, the child's best interests are served by residing primarily with her, even if it is in Washington. The trial court appropriately considered appellee's role as the child's primary caretaker, and I find no abuse in the trial court's determination that in the present case, this factor was due significant weight. This court should not substitute its judgment for that of the trial court. SeeMiller, 37 Ohio St.3d at 71; Bechtol v. Bechtol (1990),49 Ohio St.3d at 21; Baxter v. Baxter (1971), 27 Ohio St.2d 168, 172-173.
While appellee's concealment of her move is relevant as it relates to her parenting abilities, custody of the child cannot be used as a tool to punish appellee for her fraudulent behavior. See Ellars v. Ellars (1990),69 Ohio App.3d 712, 718-719. The trial court recognized the difficulty in separating these issues, but successfully managed to do so, stating: "The facts and scenario of this case were troublesome to the court. For the defendant to proceed as she did and not divulge her thoughts of moving to Seattle is not proper. She should not have misled the plaintiff and his family by signing the agreed order and appearing that everything would continue as it was. * * * The court must admit there was a tendency, out of frustration as to the defendant's action to switch custody and deem it as parental alienation. However, this is not the case. The only person that would be penalized is the minor child. * * * The court must not be vindictive but look for the best interests of the minor child. The best interest of the minor child is to remain in the custody of his mother[.]"
Although I, too, find appellee's behavior troubling, the majority has overstepped the bounds of appellate review. The trial court made factual findings which are supported by competent evidence in the record. Nothing indicates that the trial court's decision is unreasonable, arbitrary, or unconscionable. I believe that the allocation of parental rights and responsibilities was made within the province of the trial court's discretion, and consequently, would overrule appellant's assignments of error.
[1] In the present case, appellee's proposed cross-country move undoubtedly constitutes a change in circumstances. See Zinnecker v.Zinnecker (May 10, 1999), Clermont App. No. CA98-09-081.
[2] The report prepared by the court appointed psychologist was not entered into evidence, and is thus not available for our review. Because neither party made the report available for our review, this court should accept the trial court's characterization of the report's conclusions. App.R. 9(B); See Columbus v. Hodge (1987), 37 Ohio App.3d 68, 69. The majority discredits this report, citing the speed with which it was prepared. However, as the report is not available for our review, I find it inappropriate to discredit its contents.