OPINION
{¶ 1} Appellant Adam Bonar was acknowledged to be the biological father of Brittany Kay Bonar ("Brittany"), d.o.b. 01/19/98, and he filed a Complaint for Custody in the Jefferson County Court of Common Pleas, Juvenile Division. The court named Appellee Melanie Marie Boggs as the sole residential and legal custodian of the child. Appellant argues that the decision was against the manifest weight of the evidence. Because the record supports the trial court decision, that decision is affirmed.
 {¶ 2} On May 15, 2000, Appellant filed his custody complaint. The case went to trial before a magistrate on November 29, 2000. On December 28, 2000, the magistrate filed his decision designating Appellee as the sole residential parent and legal custodian of the child.
 {¶ 3} On January 5, 2001, Appellant filed a Request for Findings of Fact and Conclusions of Law. Both parties then submitted proposed findings of fact and conclusions of law. On February 1, 2001, the magistrate filed an Amended Decision, in which he incorporated verbatim Appellee's proposed findings of fact and conclusions of law.
 {¶ 4} Appellant filed objections to the magistrate's decision on February 14, 2001, which were overruled in a judgment entry filed November 1, 2001.
 {¶ 5} On November 20, 2001, the trial judge adopted the magistrate's decision as its own, and declared Appellee to be the sole residential parent and legal custodian of the child. Appellant was granted visitation rights. This timely appeal followed on November 30, 2001. Appellee has not submitted a responsive brief in this appeal.
 {¶ 6} Appellant asserts two interrelated assignments of error:
 {¶ 7} "The Decision of the Court is not supported by the evidence presented and is against the manifest weight of the evidence and thus contrary to law."
 {¶ 8} "It is not in the best interests of the minor child to designate Melanie M. Boggs the residential parent."
 {¶ 9} Appellant essentially disagrees with the manner in which the trial court interpreted the facts of this case. Appellant emphasized those portions of the November 29, 2000, hearing transcript that place Appellee in a bad light. Based on this Court's standard of review in custody decisions, however, we must affirm the judgment of the trial court.
 {¶ 10} An appellate court's standard of review of a trial court's determination in a child custody proceeding is abuse of discretion.Miller v. Miller (1988), 37 Ohio St.3d 71, 73, 523 N.E.2d 846.
 {¶ 11} "The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. Trickey v. Trickey
(1952), 158 Ohio St. 9, 13, 47 O.O. 481, 483, 106 N.E.2d 772, 774. In this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct. SeeSeasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410, 461 N.E.2d 1273, 1276." Id. at 74, 523 N.E.2d 846.
 {¶ 12} An abuse of discretion connotes more than an error of law or of judgment; it implies an attitude that is unreasonable, arbitrary or unconscionable. Id. at 73-74, 523 N.E.2d 846.
 {¶ 13} Appellant correctly points out that this case is governed, in part, by the child custody rules and procedures set forth in R.C. § 3109.04. R.C. § 3109.04(A)(1) requires the trial court to allocate parental rights and responsibilities in accordance with the best
interests of the child. A trial court abuses its discretion in a child custody case when it fails to consider the best interests of the child.Birch v. Birch (1984), 11 Ohio St.3d 85, 87-88, 11 OBR 327,463 N.E.2d 1254.
 {¶ 14} The factors that a trial court must consider when determining the best interests of the child are set forth in R.C. §3109.04(F)(1):
 {¶ 15} "(F)(1) In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 {¶ 16} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 17} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 18} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 19} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 20} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 21} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 22} "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 {¶ 23} "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 {¶ 24} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 25} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 26} There was evidence presented that both parents had a good relationship with Brittany, were both active in her upbringing and that both wished to be the residential parent. There was conflicting evidence about whether either party would facilitate visitation.
 {¶ 27} The record contains evidence that Appellee was convicted of endangering a child and of domestic violence. Appellee testified that both she and Appellant were involved in the disturbance underlying that conviction. Both of them were intoxicated and were fighting and throwing things during the altercation. (Tr., p. 150.)
 {¶ 28} There was little evidence presented about the mental and physical health of the parties.
 {¶ 29} The record reflects that Appellant failed to make child support payments.
 {¶ 30} The majority of Appellant's concerns about the evidence do not relate to specific factors mentioned in R.C. §3109.04(F)(1)(a)-(j), but rather, relate to factors falling under the catch-all provision in R.C. § 3109.04(F)(1). A large part of the testimony was devoted to establishing that both parties drank alcohol, smoked cigarettes and marijuana, and otherwise used illegal drugs in the presence of the child. As might be expected, the evidence on these matters varies between the parties.
 {¶ 31} There is no single factor listed in R.C. § 3109.04(F)(1) that, if found, would compel the trial court to award custody of Brittany to one or the other of the parties. Appellee's convictions for domestic violence and child endangerment obviously should be significant factors in the court's decision, but they were not the only factors for the court to consider. Appellant also alleges that Appellee was pregnant through a relationship with a married man, that she tended to move her residence from place to place, and that she delayed in having Brittany treated for a cough or for head lice. These facts, if believed by the trial court, would also be factors for the court to consider. The trial court appears to have believed Appellee and to have given more weight to the factors which favored her desire to retain custody of Brittany. "[I]t is not the province of a reviewing court to weigh the credibility of conflicting testimony. Where there is sufficient and reliable evidence to support the judgment of the trial court, that judgment should not be disturbed on appeal." Thirty-Four Corp. v. Sixty-Seven Corp. (1984), 15 Ohio St.3d 350,355, 474 N.E.2d 295.
 {¶ 32} The record contains evidence to support the trial court's decision. Thus, the trial court did not abuse its discretion and the decision to designate Appellee as the residential parent and legal custodian of Brittany is affirmed.
Donofrio, J. and DeGenaro, J., concurs.