[Cite as *Westerling v. Westerling*, 2024-Ohio-859.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| JERZY WESTERLING | : | |
| | : | |
| Appellant | : | C.A. No. 2023-CA-38 |
| | : | |
| v. | : | Trial Court Case No. 21-DR-0365 |
| | : | |
| MIRANDA WESTERLING (nka ZWICKER) | : | (Appeal from Common Pleas Court-Domestic Relations) |
| | : | |
| Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 8, 2024

. . . . . . . . . . .

P.J. CONBOY, II, Attorney for Appellant

JOSEPH W. STADNICAR, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Plaintiff-appellant Jerzy Westerling appeals from an amended final judgment entry in the parties' divorce proceeding which named defendant-appellee Miranda Westerling (nka Zwicker) as the legal custodian and residential parent of the parties' minor children. Because we find no abuse of discretion and the record demonstrates evidence sufficient to support the decision of the trial court, we affirm.

## I.     Factual and Procedural History

{¶ 2} Zwicker and Westerling were married in 2018. They have two minor children as a result of their union. Westerling filed for divorce on September 1, 2021. He was granted temporary custody of the children during the pendency of the divorce proceedings.

{¶ 3} A final hearing was conducted in November 2022. Thereafter, the magistrate issued a decision which, in pertinent part, awarded custody of the children to Zwicker and granted parenting time to Westerling. Westerling filed objections regarding the custody decision which were subsequently overruled by the trial court, and the trial court adopted the magistrate's decision.

{¶ 4} Westerling appeals.

## II.     Discussion

{¶ 5} Westerling asserts the following as his sole assignment of error:

THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING APPELLEE CUSTODY IN THIS MATTER.

{¶ 6} Westerling contends that the trial court's decision regarding custody of the parties' minor children was not supported by the evidence and constituted an abuse of discretion.

{¶ 7} R.C. 3109.04 directs domestic relations courts to consider the best interest of the parties' minor children when determining which parent should be awarded the care,

custody, and control of the children.  *Birch v. Birch*, 11 Ohio St.3d 85, 87-88, 463 N.E.2d 1254 (1984).  Such a determination requires the court to consider all relevant factors set forth in R.C. 3109.04(F)(1).  These factors include:

(a) The wishes of the child's parents regarding the child's care;

(b) If the court has interviewed the child in chambers * * * regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;

(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;

(d) The child's adjustment to the child's home, school, and community;

(e) The mental and physical health of all persons involved in the situation;

(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;

(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;

(h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been

adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code or a sexually oriented offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;

(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.

{¶ 8} Although a trial court has considerable discretion in determining the issue of custody, that discretion is not absolute, and a custody determination is subject to reversal upon a showing of an abuse of that discretion. *Miller v. Miller*, 37 Ohio St.3d 71, 74, 523

N.E.2d 846 (1988). The term abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "[M]ost instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

{¶ 9} It is apparent from the record that both parties are capable parents and that the children are bonded to each parent. Also, most of the R.C. 3109.04(F)(1) factors did not favor one parent over the other. However, the guardian ad litem (GAL) recommended that Zwicker be awarded custody. Both the GAL and the court concluded that she was the parent most likely to honor and facilitate parenting time. This conclusion was based upon Westerling's continuous denial of parenting time to Zwicker during the pendency of the proceedings.[1]

{¶ 10} Additionally, the trial court found that Westerling had been charged with committing domestic violence against Zwicker and that she had been granted a civil protection order against him. During his testimony, Westerling admitted that he had been charged with domestic violence and had "pushed" Zwicker, but he stated that he had ultimately entered a guilty plea to disorderly conduct. Westerling also admitted he had been convicted of violating the civil protection order.

---

[1] Westerling claims he denied visitation because child protective services substantiated abuse charges against Zwicker regarding bruising observed on the children. However, the record does not support this claim.

{¶ 11} Based on this record, we cannot say that the trial court abused its discretion in awarding custody to Zwicker.

{¶ 12} For the same reasons, we also conclude the trial court's decision was not against the manifest weight of the evidence. " '[I]n order for an appellate court to reverse a decision as against the manifest weight of the evidence in a civil context, the court must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice.' " *Brewer v. Dick Lavy Farms, L.L.C.*, 2016-Ohio-4577, 67 N.E.3d 196, ¶ 46 (2d Dist.), quoting *Alh Properties, P.L.L. v. Procare Automotive Serv. Sols., L.L.C.*, 9th Dist. Summit No. 20991, 2002-Ohio-4246, ¶ 12. " '[M]anifest weight of the evidence' refers to a greater amount of credible evidence and relates to persuasion * * *." *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 19. Further, "[i]n weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *Id.* at ¶ 21. Here, we find no basis for concluding that the trial court's decision was against the manifest weight of the evidence.

{¶ 13} Accordingly, the assignment of error is overruled.

### III.     Conclusion

{¶ 14} The sole assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

EPLEY, P.J. and WELBAUM, J., concur.